IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY ROEBUCK, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA and | : | |
| ELWYN CORPORATION, | : | No. 11-2966 |
| Defendants. | : | |

MEMORANDUM

Schiller, J.                                                                                               August 18, 2011

This premises liability action against the United States and Elwyn Corporation ("Elwyn") arises from a slip-and-fall at a federal facility in Philadelphia. Elwyn's unopposed motion for summary judgment is presently before the Court. As Elwyn has established that it has no relevant connection with the premises at issue, the Court will grant its motion.

I.   BACKGROUND

Plaintiff Anthony Roebuck slipped in a bathroom at the Philadelphia Veteran's Affairs Medical Center (the "VA") on May 6, 2009. (Elwyn Corp.'s Mot. for Summ. J. Ex. A [Roebuck Compl.] ¶ 10.) He alleges that Elwyn supervised and maintained the VA facility, and that its negligence caused his injuries due to its failure to inspect the VA's bathrooms and plumbing. (*Id*. ¶¶ 6, 22.) He seeks damages, interest and costs. (*Id*. ¶ 23.)

Elwyn asserts that it has no contracts with the VA, provides no services to the facility, and thus owed no duty to invitees on its premises. (Mot. for Summ. J. ¶ 5; Ex. C. [James Koehler Aff.] ¶ 6.) Furthermore, no Elwyn employee, representative or agent was present at the VA at any relevant time. (Koehler Aff. ¶ 7.)

## II.  STANDARD OF REVIEW

Summary judgment is appropriate when the admissible evidence fails to demonstrate a genuine dispute of material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  When the moving party bears the burden of persuasion at trial, it must identify evidence in the record establishing the absence of a genuine factual issue.  *Nat'l State Bank v. Fed. Reserve Bank*, 979 F.2d 1579, 1582 (3d Cir. 1992).  In reviewing the record, "a court must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994).  The court may not, however, make credibility determinations or weigh the evidence in considering motions for summary judgment.  *See Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000); *see also Goodman v. Pa. Tpk. Comm'n*, 293 F.3d 655, 665 (3d Cir. 2002).

Plaintiff has not responded to Elwyn's motion.  Nevertheless, the Court must consider the merits of the unopposed motion.  *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991); *see also McCollum v. Doe*, Civ. A. No. 09-5622, 2011 WL 53066, at *1-2 (E.D. Pa. Jan. 7, 2011).  However, as Plaintiff has failed to address Elwyn's assertions of fact, the Court will consider these facts undisputed.  Fed. R. Civ. P. 56(e); *see also* Local R. Civ. P. 7.1(c).

## III.  DISCUSSION

Pennsylvania applies § 383 of the Second Restatement of Torts in premises liability cases.  *See Craig v. Franklin Mills Assocs., L.P.*, 555 F. Supp. 2d 547, 549 (E.D. Pa. 2008) (citing *Felger v. Duquesne Light Co.*, 273 A.2d 738, 741-42 (Pa. 1971)).  This standard imposes liability on "one who does an act or carries on an activity upon land on behalf of the possessor"

2

for "physical harm caused thereby to others upon and outside" of the property.  *Id*.  (internal quotation marks omitted).  There is no evidence in the record that Elwyn had anything to do with the VA where Roebuck claims he slipped.  (*See* Koehler Aff. ¶ 6.)  Roebuck thus cannot maintain his claims against Elwyn.

Prior to filing its motion on July 26, 2011, Elwyn wrote to Roebuck's counsel on June 13 and July 21, 2011.  On both occasions, Elwyn's attorney informed Roebuck's lawyer that Elwyn provides no services to the VA.  (Mot. for Summ. J. Ex. D [Elwyn correspondence].)  Elwyn's counsel also requested that Plaintiff's attorney contact him to discuss the basis of his claim.  (*Id*.)  Roebuck's attorney evidently never responded.  In any event, Elwyn has carried its burden to demonstrate that there is no genuine issue of material fact precluding summary judgment in its favor.  The Court will therefore grant its motion and dismiss it as a defendant in this case.

**IV.   CONCLUSION**

Elwyn has established that it owed no duty to Roebuck.  The Court will therefore grant its motion for summary judgment.  An Order consistent with this Memorandum will be docketed separately.